IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GHIGLIOTTI-LAGARES,

Plaintiff,

v.                                                    CIVIL NO.: 20-1407 (MEL)

VEREIT, INC., et al

Defendants.

**OPINION & ORDER**

I.    **Introduction**

On September 14, 2020 Plaintiff Dr. Luis D. Ghigliotti-Lagares ("Plaintiff") filed an amended complaint alleging that he was injured when he slipped and fell on January 19, 2019 in the parking lot of the Veteran's Administration Clinic (VA Clinic) in Ponce, Puerto Rico. ECF No. 5 at 2–3. Plaintiff alleges that the facilities of the VA clinic are owned and leased to the Veterans Administration by Defendant CLF VA Ponce, LLC ("CLF VA" or "Defendant"). ECF No. 5 at 2–3. Plaintiff brings suit pursuant to Article 1802 of the Puerto Rico Civil Code (31 L.P.R.A. § 5141) alleging that the parking lot at the VA Clinic was negligently maintained, thereby creating a "slippery and muddy" surface "approximately forty (40) feet from the building" upon which Plaintiff fell, causing his injuries. ECF No. 5 at 3–5. Now pending before the court is a motion *in limine* filed by Defendant requesting that the court exclude the "report and testimony" of Engineer José Colón ("Eng. Colón") on various grounds, including on the basis that the contents of a "report" prepared by Eng. Colón is in conflict with the requirements of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Federal Rule of

Evidence 702. ECF No. 54 at 1–2. Plaintiff has filed a response in opposition (ECF No. 61) and Defendant subsequently filed a reply (ECF No. 53-1).

## II.    Analysis

In its response in opposition to Defendant's motion *in limine*, Plaintiff informs that Eng. Colón was an employee of the Veterans Administration at the VA Clinic and was "in charge of the Safety Staff of that facility." ECF No. 61 at 3. In that role, Plaintiff states that Eng. Colón inspected the parking lot of the VA Clinic after Plaintiff's fall. ECF No. 61 at 3. Defendant agrees that Eng. Colón made a "general inspection" and a "general assessment of the whole parking lot[.]" ECF No. 63-1 at 9–10. The parties do not dispute that Eng. Colón prepared a report entitled "Ponce Outpatient Clinic Parking Lot Inspection" ("the report") which communicates that "[a]s per request from Ponce Outpatient Clinic Director, Safety Staff conducted a visual inspection of the Clinic's Parking Lot." ECF No. 54-1 at 1; ECF No. 54 at 1; see ECF No. 61 at 4. The report is brief but contains a section entitled "Findings" as well as a section called "Recommendation." ECF No. 54-1 at 1. The report also contains a series of 20 photographs purporting to depict different areas of the parking lot at the VA Clinic. ECF No. 54-1 at 2–11.

### A.  Engineer Colón as an Expert Witness

Defendant argues that Eng. Colón's report and testimony should be excluded because (1) he was not announced as an expert witness and Plaintiff did not make the required Rule 26 disclosures; (2) his investigation and report contains opinions that are not reliable under Daubert; and (3) the report is hearsay. ECF No. 54 at 1-2. In Plaintiff's response, Plaintiff assures the court that Eng. Colón will not testify as an expert and will only serve as a fact witness and that if

2

Eng. Colón's "report is excluded on account of hearsay" his testimony as to his personal observations of the parking lot should not be excluded from trial. ECF No. 61 at 3–4.

If Eng. Colón intends to testify as an expert witness at trial, Defendant is correct that Eng. Colón's report is inadmissible hearsay and shall not be admitted into evidence. Jones ex rel. U.S. v. Massachusetts Gen. Hosp., 780 F.3d 479, 494 (1st Cir. 2015) (finding an expert report to be "a quintessential example of hearsay" and thus inadmissible at trial). However, the parties' joint proposed pretrial order confirms that Eng. Colón was not announced as an expert witness, but rather, as a fact witness. ECF No. 22 at 13, 15. In light of Plaintiff's assurances that it does not intend to call Eng. Colón as an expert witness, Eng. Colón shall not be allowed to testify as an expert witness or to express opinions as to the state of the location where Plaintiff fell in the parking lot of the VA Clinic. Therefore, the only remaining question concerns the permissible scope of Eng. Colón's fact testimony at trial.

**B. The Scope of Eng. Colón's Testimony as a Fact Witness**

Defendant argues that Eng. Colón should be precluded from testifying at trial because (1) his report shows that Eng. Colón would impermissibly testify as to subsequent remedial measures; (2) Eng. Colón's inspection was in general of the parking lot rather than the specific location of Plaintiff's fall; (3) the probative value of his testimony is substantially outweighed by the danger of unfair prejudice, confusing the issue, and misleading the jury; and (4) his testimony will not assist the trier of fact because the facts at issue are within the common knowledge of the jury. ECF No. 54 at 2.[1] Relatedly, Defendant requests that the court preclude the admission of

---

[1] In its reply, Defendant also raises the argument that Eng. Colón's testimony, if admitted at all at trial would be "repetitive, as Plaintiff will testify about the alleged area of the accident and there are photos announced by both parties." ECF No. 63-1 at 12–13. Due to the lack of specificity in Defendant's argument, the request to exclude certain photographs as redundant or cumulative is denied without prejudice. This objection may be raised, if applicable, at trial.

"any photo that depicts areas that are not the alleged place where Plaintiff fell." ECF No. 54 at 13. Plaintiff responds that Eng. Colón will "<u>not testify that repairs were made after the inspection of the premises</u>" and that Eng. Colón will only testify as to facts which he personally observed which will go to "Defendant's negligence relating to the unreasonably dangerous condition at the parking lot of the V.A. [Clinic.]" ECF No. 61 at 3 (emphasis in original).

An examination of Eng. Colón's report reveals contents that go beyond what he saw, heard, or touched when he inspected the parking lot. In theory, Eng. Colón's report, which has not been characterized by Plaintiff as an expert report, could potentially be admissible as a business record. See Fed. R. Evid. 803(6)(B); 902(11). Nevertheless, the report presents many evidentiary hurdles rendering it inadmissible. First, it is undated and unsigned.[2] See ECF No. 54-1 at 1–11. Second, the report covers areas of the parking lot that are not where Plaintiff allegedly fell and therefore, such portions of the report are irrelevant. Third, it contains speculative opinions (e.g. "This may be due to normal wear of the asphalt . . ."). ECF No. 54-1 at 1. Fourth, the report contains recommendations for remedial measures to be taken after the incident in controversy, as discussed in more detail below (e.g. "Request Lessor to correct above mentioned deficiencies to prevent slip/trip/falls in the Parking Lot Area."). ECF No. 54-1 at 1. Therefore, even if the report (ECF No. 54-1) were to be deemed a business record, it would nonetheless still be inadmissible on other grounds.

Due to the foregoing, Eng. Colón's report shall not be admitted into evidence and Eng. Colón's testimony shall be circumscribed in accordance with the following directives. First, Eng. Colón writes that "[a]ccumulation of dirt in some areas poses a slip/trip/fall hazard." ECF

___
[2] The report does bear a code reading "20190201" which could possibly indicate a date either of February 1, 2019 or January 2, 2019. However, there is no way to be certain that the code indicates a date and whether it refers to the date of the inspection or of the report.

No. 54-1 at 1. Because Eng. Colón is not an expert witness, he shall not testify that certain conditions pose "a slip/trip/fall hazard" because such testimony constitutes an opinion. Furthermore, such an opinion or characterization goes to the ultimate issue of the case. Whether or not the amount of dirt in a specific area where Plaintiff fell poses a slipping hazard is a conclusion or a finding which is not beyond the ken of the average juror. Eng. Colón shall not provide an opinion or characterization of the conditions of the parking lot where Plaintiff fell. He may, however, testify as to whether he saw accumulation of dirt in the area where Plaintiff fell.

Furthermore, Eng. Colón's report describes "[a]ccumulation of dirt in some areas", "areas w[h]ere the asphalt is missing creating uneven surfaces", "[s]ome sidewalks have cracked cement tiles", and "[m]ost parking stops are loose." ECF No. 54-1 at 1. As a fact witness, Eng. Colón is free to testify about conditions which he personally observed. However, such testimony is only relevant insofar as it relates to the location or area where Plaintiff fell. If Plaintiff did not fall on a cracked cement tile or parking stop, such descriptions are irrelevant. Similarly, there are 20 photographs included in Eng. Colón's report depicting 20 different locations in the parking lot. Presumably Plaintiff did not fall in all 20 locations. The mere fact that the parking lot has multiple areas in disrepair does not necessarily mean that a negligent disrepair existed at the spot which allegedly caused the Plaintiff to fall. By way of analogy, if a plaintiff slipped and fell on spilled milk on the floor of a supermarket, testimony or photographs depicting the spilled milk on the floor where the plaintiff fell would be relevant to the plaintiff's claim. However, testimony and photographs showing a broken floor tile in a different location of the supermarket would not be relevant because that disrepair was not related in any way to the plaintiff's accident. In the same way, testimony and photographs relating to disrepairs in the parking lot at locations where Plaintiff did not fall are irrelevant for the jury to determine liability

in this case. As such, Eng. Colón shall be precluded from testifying as to conditions of the parking where Plaintiff did not fall, and any photos which do not depict the location of Plaintiff's fall are inadmissible.

One area of Eng. Colón's report is worth an additional note. Eng. Colón's report describes loose gravel and dirt in the parking lot and states, "This may be due to normal wear of the asphalt since [sic] it[']s been there for approx. 20 years." ECF No. 54-1 at 1. The vague wording of this sentence rings of an opinion rather than an observation, particularly his use of the word "may". ECF No. 54-1 at 1. As a fact witness, Eng. Colón would also have to explain at trial the basis of personal knowledge that the asphalt has not been repaired or replaced in 20 years at the location where Plaintiff fell in order for such testimony to be admissible.[3]

Finally, regarding Defendant's objection based on "subsequent remedial measures," and despite Plaintiff's assurances that Eng. Colón would not testify regarding subsequent repairs, Eng. Colón's report contains a "Recommendation" which reads: "Request Lessor to correct above mentioned deficiencies to prevent slip/trip/falls in the Parking Lot Area." ECF No. 54-1 at 1. Under Federal Rule of Evidence 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove" either "negligence", "culpable conduct", or "a need for a warning or instruction." Fed. R. Evid. 407. Accordingly, "evidence concerning 'subsequent remedial measures' is not admissible at trial." Raymond v. Raymond Corp., 938 F.2d 1518 (1st Cir. 1991). Here, Eng. Colón's recommendation plainly states that corrective measures should be taken to "prevent slip/trip/falls" in the future. Such recommendation constitutes a suggestion for subsequent

---

[3] For instance, if Eng. Colón knows that the asphalt has not been repaired or replaced in 20 years because he has examined the maintenance records of the parking lot, that is factual testimony. On the other hand, if Eng. Colón is calculating 20 years based on his observations of the conditions of the parking lot on a single day and his knowledge and experience as an engineer, that is an opinion, not a fact.

remedial measures to be taken. As such, Eng. Colón is precluded from testifying regarding any recommendation he provided to repair deficiencies in the parking lot.[4]

### C.  Motion *in Limine* Regarding Other Evidence

Briefly at the conclusion of Defendant's motion *in limine*, Defendant raises two additional objections to evidence which it anticipates Plaintiff will introduce at trial and which are unrelated to the testimony of Eng. Colón. ECF No. 54 at 13. First, Defendant objects to the admissibility of an expert witness report by Dr. Eric Javier ("Dr. Javier"), arguing that it constitutes hearsay and that Dr. Javier "amended" the report during his deposition. ECF No. 54 at 13. As previously stated, expert reports are not admissible into evidence as they constitute "a quintessential example of hearsay." Jones ex rel. U.S., 780 F.3d at 494.

Regarding the so-called "amendments" to his report, Defendant's arguments are undeveloped and fail to put the court in a position to rule upon Defendant's request. "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, . . . or else forever hold its peace." Rivera-Gómez v. de Castro, 843 F.2d 631 (1st Cir. 1988) (citing Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir.1988) (internal quotations omitted). Here, Defendant's entire argument  in support of its argument encompasses two sentences, alleging that Dr. Javier "amended" his report during his deposition "to conclude that the 8% whole-person impairment awarded was incorrect." ECF No. 54 at 13. However, Defendant has not provided Dr. Javier's expert report showing his original opinion, nor has Defendant provided anything more than a single redacted sentence from Dr. Javier's deposition transcript. See ECF

---

[4] Of course, testimony regarding subsequent remedial measures is admissible insofar as it is admitted for the limited purpose of "impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407.

No. 54-4 at 1–2. Defendant also has not explained how the 8% impairment calculation is materially different from Dr. Javier's expert report so as to render his entire testimony inadmissible. Because the court is not obligated to divine Defendant's undeveloped arguments and Defendant has not provided evidence adequate to place the court in a position to rule on its objection, Defendant's request to exclude Dr. Javier from testifying based on a so-called "amendment" to his expert report is denied.

Second, Defendant alludes to "Photos of Plaintiff taken by Rubiel Photo Studio . . . in April 2021, which depict Plaintiff's scars and his raising his arms." ECF No. 54 at 13. Defendant merely states "it is unknown what is the probative value of these photos." ECF No. 54 at 13. Plaintiff provides no illumination as to its intended use of the April 2021 photographs. See ECF No. 61 at 4 (stating "the arguments with respect to the anticipated objections will be made at the appropriate time during trial."). The request to exclude the photographs is denied without prejudice. Defendant may raise an objection at trial if the photographs' relevance is still not apparent at that stage of the proceedings.

## III.    Conclusion

For the foregoing reasons, Defendant's motion *in limine* is GRANTED IN PART AND DENIED IN PART. Eng. Colón shall not be admitted as an expert witness at trial; however, he will be permitted to testify as a fact witness. Eng. Colón's report—regardless of whether it is considered an expert report or the report of a fact witness—is inadmissible as an exhibit to be introduced at trial. Eng. Colón shall also be precluded from testifying regarding conditions of the parking lot in locations where Plaintiff did not fall and with regards to any subsequent remedial measures recommended or made to the parking lot. Furthermore, he will not be allowed to render opinion testimony. Similarly, photographs depicting conditions of the parking lot where Plaintiff

did not fall are also inadmissible. Finally, Dr. Javier's expert report is excluded from

introduction as an exhibit at trial as hearsay.[5]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of June, 2023.

s/Marcos E. López
U.S. Magistrate Judge

---

[5] The court's opinion and order shall not be construed to mean that Dr. Javier may not testify consistent with the contents of his expert report, but rather merely that the report itself shall not be admitted as an exhibit at trial.